CHICAGO TITLE INSURANCE COMPANY

v.

J.F. HIGGINS CO., INC. d/b/a Higgins Capitol Florist.

Nos. 91–235 Appeal, 91–454 Appeal.

Supreme Court of Rhode Island.

March 10, 1992.

John L. Cosentino, Providence, for plaintiff.

Martin S. Malinou, Providence, for defendant.

## ORDER

This case came before the court for oral argument on March 6, 1992, pursuant to an order directing defendant to show cause why its appeal should not be summarily denied and dismissed. The defendant, J.F. Higgins Co. Inc. d/b/a Higgins Capitol Florist, appeals from a Superior Court order entering default judgment against it.

On November 21, 1990, the plaintiff, Chicago Title Insurance Company, filed a complaint in Superior Court against defendant, alleging that defendant owed plaintiff $12,-500 on book account. The complaint further alleged that defendant was unjustly enriched by plaintiff's $12,500 mortgage payment to the Rhode Island State Employees Credit Union on a piece of property owned by defendant. Joseph F. Higgins was personally served on November 27, 1990. On January 15, 1991, plaintiff filed an affidavit and request for entry of default based on defendant's failure to plead or otherwise defend itself against the allegations. The default was entered that day, and on February 27, 1991, judgment by default was entered against defendant for $12,500.

On April 12, 1991, defendant filed a motion to vacate the default and the default judgment pursuant to Rules 55(c), 60(b)(4), and 60(b)(6) of the Superior Court Rules of Civil Procedure. On April 18, 1991, defendant filed a notice of appeal to this court from the February 27, 1991 entry of default judgment. On May 21, 1991, the trial justice entered an order denying defendant's motion to vacate. On June 10, 1991, defendant filed a notice of appeal from the May 21, 1991, order denying its motion to vacate. The appeals were consolidated and plaintiff was ordered to show cause why defendant's appeal should not be sustained pursuant to an order dated September 26, 1991. After hearing oral argument we issued a second order dated December 12, 1991, stating that plaintiff had shown cause and directing defendant to show cause why its appeal should not be summarily denied and dismissed.

After reviewing the arguments and memoranda of counsel we are of the opinion that cause has not been shown. On appeal defendant argues that defendant's counsel appeared within the meaning of Rule 55(b)(2) because defense counsel telephonically received an extension from plaintiff's counsel to file an answer. The defendant asserts that this "appearance" on behalf of defendant required plaintiff to afford defendant three days' notice of the default judgment application.

This argument is without merit. The record does not reflect any appearance by defense counsel. The defendant filed no written documents with the court; therefore, there was no entity to whom plaintiff was obligated to serve notice. Accordingly, for the reasons stated, the defendant's consolidated appeal is denied and dismissed, and the orders entered in Superior Court are affirmed.